IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
FRANZ GUZMAN                        )
    a/k/a Antonio Camacho           )
                                    ) Civil No. 05-10669-RWZ
      Petitioner                    ) (Criminal No. 03-10309-RWZ)
                                    )
        v.                          )
                                    )
UNITED STATES OF AMERICA            )
                                    )
      Respondent.                   )
```

UNITED STATES' OPPOSITION TO GUZMAN'S MOTION TO VACATE,
SET ASIDE AND CORRECT SENTENCE FILED UNDER 28 U.S.C. § 2255

The United States respectfully submits that petitioner's motion to Vacate, Set Aside and Correct Sentence filed pursuant to 28 U.S.C. § 2255 should be denied.  First, GUZMAN's claim should be procedurally barred.  Second, the Supreme Court's decision in *Booker* does not apply retroactively to collateral claims.  Third, even if *Booker* did apply, GUZMAN's sentence does not violate *Booker* because he was ultimately sentenced not to a Guideline Sentence, but the statutory mandatory minimum sentence which was triggered by the drug weight GUZMAN to which admitted at the plea.

Relevant Background

On July 8, 2003, petitioner FRANZ GUZMAN and six other defendants were arrested on a criminal complaint charging conspiracy to distribute cocaine and cocaine base.  The evidence for the complaint was based on a series of Title III intercepts

1

of GUZMAN's three cellular telephones.  The wire intercepts, which lasted between June 17, 2003 and July 8, 2003 revealed that GUZMAN was the leader of cocaine and cocaine base distribution group that operated in Lowell, MA.  During the last ten days of the wire intercepts, GUZMAN also became involved in the distribution of heroin.  On the day of GUZMAN's arrest, DEA agents executed several search warrants at locations controlled by and associated with GUZMAN and seized 113 grams of cocaine base, 57.3 grams of heroin, and 73.9 grams of cocaine.

On October 1, 2003, the government obtained an indictment which charged GUZMAN with conspiracy to possess with intent to distribute cocaine and cocaine base.  The indictment further alleged that the offense involved 50 grams of cocaine base and 500 grams of cocaine.

On June 17, 2004, GUZMAN pled guilty pursuant to a plea agreement with the government which the Court accepted.  As part of the plea agreement, the government took the position that GUZMAN was responsible for 113 grams of cocaine base, 57.3 grams of heroin, and 73.9 grams of cocaine.  GUZMAN reserved the right to oppose the government's drug weight calculation, but admitted that the charged conspiracy involved at least 50 grams of cocaine base and was informed by the Court that he was subject to a ten year mandatory minimum sentence for the cocaine base conspiracy. The government furthermore took the position that GUZMAN deserved

a four level increase in the base offense level based on his role as a leader in the offense. GUZMAN reserved the right to oppose this enhancement. As part of the plea agreement, GUZMAN also agreed to cooperate with the government and testify against his co-defendants.

On October 26, 2004, the government filed a motion pursuant to U.S.S.G. § 5K1.1 to reduce GUZMAN's Guideline Sentence based on substantial assistance. The government, however, did not file a motion under 18 U.S.C. § 3553(e) which would have permitted the Court to sentence GUZMAN below the statutory mandatory minimum sentence of 120 months. As part of the motion, the government stated that GUZMAN had provided substantial assistance to the government and which prompted each of his co-defendants to plead guilty. As part of its' sentencing recommendation, the government requested that GUZMAN be sentenced to a term of incarceration of 183 months. On October 27, 2004, the Court adopted the factual findings of the PSR finding that GUZMAN's total offense level was level 33 with a Guideline Range of between 262 to 327 months. The court also granted the government's motion and sentenced GUZMAN to 120 months. GUZMAN did not file a notice of appeal.

On April 4, 2005, GUZMAN filed the instant petition pursuant to 28 U.S.C. § 2255. The court ordered the government to respond to GUZMAN's petition by May 18, 2005.

II.  <u>Legal Standard</u>

A.   Cognizable Claims Under Section 2255

To challenge a federal conviction or sentence, a prisoner can file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Section 2255 provides four grounds that justify relief for a federal prisoner: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.  "The catch-all fourth category includes only assignment of error that reveal 'fundamental defects' which . . . 'result in a complete miscarriage of justice. . . .'" *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998)(*quoting Hill v. United States,* 368 U.S. 424, 428 (1962)); *see Knight v. United States,* 37 F.3d 769, 772-74 (1st Cir. 1994)(misapplication of Sentencing Guidelines not usually subject to § 2255 review).

B.   Procedural Bar Under Section 2255

Courts usually will not entertain a claim under Section 2255 if the movant could have but did not raise such claim pretrial, at trial, or on direct appeal.  *See United States v. Frady*, 456 U.S. 152, 162-166 (1982); *Awon v. United States,* 308 F.3d 133, 142 (1st Cir. 2002)(challenge to sufficiency of the evidence

waived by failure to raise issue on direct appeal).  In order to obtain Section 2255 relief despite such procedural default a movant must show (1) cause for failure to assert the claim in earlier proceedings; and (2) actual prejudice from the alleged error.  *Frady*, 456 U.S. at 170-71.

Such a showing of "cause and prejudice" is not required under the following sets of circumstances.  First, where the movant seeks Section 2255 relief based on facts not developed at trial, if ignoring such facts would lead to a fundamental miscarriage of justice.  Such claims, however, are typically confined to claims involving a "colorable showing of factual innocence."  *See United States v. MacDonald*, 966 F.2d 854, 859 (4th Cir. 1992); *Dyer v. United States*, 23 F.3d 1421, 1423 (8th Cir. 1994); *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Knight,* 37 F.3d at 773 (claim that sentence was based on misapplication of Sentencing Guidelines, when petitioner alleged facts relating to sentencing that were not fully developed, was <u>not</u> cognizable as a fundamental miscarriage of justice).

Second, cause and prejudice is not required if the government failed to object to the consideration of newly raised issues.  *See United States v. Metzger*, 3 F.3d 756, 757 (4th Cir. 1993)(petitioner could raise new issue not presented on direct appeal because government failed to object).  Third, a showing of

5

cause and prejudice is not required if the 2255 motion raises certain constitutional claims that may be adequately presented only on collateral review, such as a claim of ineffective assistance of counsel. *See Cody v. United States*, 249 F.3d 47, 52 (1st Cir. 2001)(ineffective assistance of counsel claim appropriate under § 2555 without showing of cause and prejudice).

Furthermore, a petition under Section 2255 should be dismissed by the district court if it raises claims that were previously decided on direct appeal or could have been raised on direct appeal were not. *See Sunal v. Large*, 332 U.S. 174, 178 (1947)(a §2255 petition "will not be allowed to do service for an appeal"); *United States v. Addonizio,* 442 U.S. 178, 184-85 (1979); *United States v. Timmreck,* 441 U.S. 780 (1979); *Hill,* 368 U.S. at 427-28 (1962). "Section 2255 is not a surrogate for a direct appeal." *David*, 134 F.3d at 474. An exception to this rule can be made if the movant relies on: (1) newly discovered evidence; or (2) an intervening change in the law, and the new law meets the retroactivity rule of *Teague v. Lane*, 489 U.S. 288, 307 (1989).

C.   Booker and the *Teague* Rule

Under the Supreme Court's decision in *Teague v. Lane*, relief cannot be granted if granting such relief would require the announcement or application of a "new constitutional rule of criminal procedure." *Id.* at 301. Furthermore, such a new rule

will not be applied retroactively on review of a final conviction unless: (1) it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) it is a "watershed rule of criminal procedure" implicating the fundamental fairness and accuracy of the proceedings. *Id.* at 307.

On January 12, 2005, the Supreme Court in *Booker v. United States*, 125 S.Ct. 728 (2005) concluded that the mandatory nature of the Sentencing Guidelines was incompatible with the Sixth Amendment guarantee to the right to a jury trial and held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. Since the *Booker* decision, several courts have clearly held that *Booker* did not create "watershed rule of criminal procedure" implicating the fundamental fairness and accuracy of the proceedings and, as such, does not apply retroactively in collateral proceedings. *See Green v. United Statesi,* 397 F.3d 101, 103 (2d Cir. 2005)(holding that, because the Supreme Court "made no explicit statement of retroactivity to collateral cases," neither *Booker* nor *Blakely v. Washington*, applies retroactively on a collateral attack); *McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir. 2005); *Humphress v.*

*United States*, 398 F.3d 855, 860-863 (8th Cir. Feb. 5, 2005); *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir. Feb. 17, 2005)

### III. Argument

GUZMAN essentially makes one claim. GUZMAN argues that his sentence is unlawful because the court found certain sentencing factors including drug weight, role in the offense, and career offender status in violation of *Aprendi, Blakely*, and *Aprendi,* the Due Process Clause of the Fifth Amendment, and the Right to Jury Trial under the Sixth Amendment, because such factors were not alleged in the indictment and found to be proven by a jury beyond a reasonable doubt. GUZMAN's argument fails for several reasons.

First, after his judgement of conviction on October 27, 2005, GUZMAN did not seek an appeal of his sentence. Clearly, there is nothing about GUZMAN's claim that could not have been raised on direct appeal. GUZMAN does not make a claim of actual innocence and there are no additional facts alleged that would suggest that record was not fully developed prior to and at sentencing. For these reasons, GUZMAN should be procedurally barred from raising issues under Section 2255 that could have raised on direct appeal. GUZMAN, furthermore, cannot show sufficient cause and prejudice for such default.

Second, as discussed above, despite the significant

announcement of *Booker* decision and the effect it had on the mandatory nature of the Federal Sentencing Guidelines, *Booker* did not create a "watershed rule of criminal procedure" implicating the fundamental fairness and accuracy of the proceedings and does not apply retroactively to collateral claims filed under Section 2255.

Third, this is not a case of an inappropriate Guideline Sentence. In fact, GUZMAN's actual sentence is not even a Guideline Sentence at all. While GUZMAN's original Sentencing Guideline Range was 262 to 327 months, GUZMAN received a significant downward departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance. GUZMAN was ultimately sentence to the mandatory minimum sentence of 120 months. During his plea on June 17, 2004, GUZMAN admitted to the 50 grams of cocaine base that triggered the ten year mandatory minimum sentence, thus taking his case out of the realm of *Booker*. Therefore, even if *Booker* did apply retroactively, GUZMAN's claim would fail because he admitted the drug weight that resulted in the actual sentence he received.

<u>Conclusion</u>

For the foregoing reasons defendant's motion filed under 28 U.S.C. § 2255 should be denied. GUZMAN's claim is procedurally barred and clearly without merit. Therefore, no evidentiary hearing is required.

>                     Respectfully submitted,
>
>                     Michael J. Sullivan
>                     UNITED STATES ATTORNEY
>
>
> By:   /s/ Neil J. Gallagher, Jr.
>       ASSISTANT UNITED STATES ATTORNEY
>       Neil J. Gallagher, Jr.
>       United States Courthouse
>       1 Courthouse Way
>       Suite 9200
>       Boston, MA 02210
>       617-748-3397

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that I will have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Franz Guzman
        24826-038
        FCI Schuylkill
        P.O. Box 759
        Minersville, PA 17954

This 18th day of May, 2005.

                <u>/s/ Neil J. Gallagher, Jr.</u>
                Neil J. Gallagher, Jr.
                Assistant U.S. Attorney