UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10669-RWZ

FRANZ GUZMAN
a/k/a ANTONIO CAMACHO

v.

UNITED STATES OF AMERICA

<u>MEMORANDUM OF DECISION</u>

June 8, 2005

ZOBEL, D. J.

    Franz Guzman pled guilty to an indictment charging him with conspiracy to possess with intent to distribute cocaine and cocaine base. He did so pursuant to a plea agreement in which he reserved the right to challenge the government's calculation of the amount of drugs (113 grams of cocaine base, 73.9 grams of cocaine and 57.3 grams of heroin), but admitted that the conspiracy involved at least 50 grams of cocaine base. The parties further agreed to disagree about a role adjustment with the government advocating a four-level increase and petitioner reserving the right to oppose it. Finally, petitioner agreed to cooperate, and the government agreed to consider filing a motion for downward departure. The Court advised petitioner that the amount of drugs charged and to which he pled subjected him to a mandatory minimum sentence of ten years.

    At the disposition on October 27, 2004, the Court adopted the factual findings of the probation officer -- that the drug quantity in marijuana equivalent was over 2,000 lbs. -- and that petitioner's criminal history required that he be categorized as a career offender. These facts yielded a total offense level of 34 and criminal history category of

VI, and resulted in a Guideline range of 262 to 327 months irrespective of any role adjustment. In any event, the Court granted the government's motion under § 5K1.1 which allowed it to depart from the Guideline range, but not below the mandatory minimum, and sentenced petitioner to a period of imprisonment of 120 months. On April 4, 2005, petitioner commenced this proceeding under 28 U.S.C. § 2255 to vacate the sentence. The government opposes.

Although petitioner acknowledges that he stipulated the underlying facts, he argues that the stipulations were unconstitutional in light of United States v. Booker, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). One difficulty with petitioner's argument is that Booker did not invalidate sentences based on stipulated amounts; it found unconstitutional the determination of amounts by the Court rather than a jury. To the extent that the Court did find petitioner to be a leader of the enterprise, that finding became irrelevant to the ultimate sentence in light of the government's departure motion. To the extent petitioner complains about the Court's finding of his criminal history, such finding is not subject to Booker and, therefore, not subject to attack. Finally, none of petitioner's complaints focus on the sentence he actually received, based not on the Guidelines, but on the statute which mandated a minimum sentence of ten years given the amount of drugs which he admitted, a sentence substantially below that which would have been dictated by the Guidelines.

The petition for vacation of sentence is denied. Judgment may be entered accordingly.

|  |  |
|---|---|
| _____ DATE | /s/ Rya W. Zobel_____ RYA W. ZOBEL UNITED STATES DISTRICT JUDGE |