UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Franz Guzman aka | : | |
| Antonio Camacho | : | ·· 3· 0 ' |
| Petitioner | : | Case Number: CV-05-10669-RWZ |
| v. | : | The Hon. Rya W. Zobel,USDCJ |
| The United States | : | |
| Of America  Respondent | : | |

## MOTION FOR RE-EXAMINATION OF

Petitioner's Traverse In Reply To
The Government's Opposition To The
Petitioner's § 2255 Motion To
¶ Vacate, Set-Aside,Or Correct Sentence

\* As Now Also In Light Of <u>U.S. v. Thomas</u>
C.A. No. 05-1588

**COMES NOW** , the above Petitioner and files, in Pro-Se fashion,

the herein Traverse In Opposition To The Goverment's recently proposed

dismissal of the Petitioner's § 2255 Action.\* For convenience sake and

for the economy of expression in light of the fact that the Petitioner

is in fact a layman before the law without formal training, the herein

exposition will follow a per page, corresponding pattern in salient point

responses to the Government's argument as offered in their opposition

document, beginining with page one therein. For the best of understanding

a review of the Government's opposition and then a careful reading of this

Traverse will provide for the most exact expression of the Petitioner's

thoughts and concepts. \* And judicial concurrence with, via denial or dismissal

It is quite obvious as well that the Government has perhaps purpos-

efully chosen to skim the Petitioner's originally submitted § 2255 entry

as it can be noted that in the Government's recent opposition response

that they have stated that the Petitioner has not made certain claims

and or included various concepts in his claims, wherein in fact he has.

-1-

Where appropriate and when needed the Petitioner will highlight said omissions on the Government's part herein. Hence, this motion for re-examination.

It is asserted on page one that the Petitioner's claims should be procedurally dismissed. This is indeed ludicrous in that the Petitioner's filing is both timely and correct. The Petitioner was originally coereced into the cooperation agreement and later sentencing that he was by the Government's fraudulant threat and use of so-called "Career Criminal"exposure for sentencing of the Petitioner which was later found to be untrue via Blakely, Booker, Shepard and Greer, Washington and Cerna-Salguero as previously expounded upon in his original § 2255 submission. Hence,the need to carefully examine his present sentenced situation.

Page one also notes that supposedly, Booker and alike are not retro-active. Yes they are,as is the concept of the sentencing court's original lack of "jurisdiction" to sentence the Petitioner in any fashion at all under his original supposed exposure for same. All of the elements in the P.S.R. generated document for use against the Petitioner in senten-cing were NOT featured in his Indictment document, therefore no stated issue of retroactivity can be cited as an impediment to the Petitioner filing via § 2255 statutes and alike. Booker, Blakely and alike are merely illustrative in the Petitioner's case. Since the advent of same as Supreme Court test cases, the topic of mandatory minimum sentences also becomes moot as they have been rendered "discretionary" at best since their advent on the legal scene(i.e. of these aforementioned cases and the Guidelines, etc being declared unconstitutional). Hence no ad-mission of drug quantity or other improper and unconstitutional enhance-ment invention by the Government to fictitiously augment sentence has any real bearing or impediment quality here either. The Government is wrong.

Relying on unusable from a permitted, constitutional, 6th Amendment basis; the Government begins page two citing such "enhancements" as lead-

-2-

ership  role and the only somewhat "beyond a reasonable doubt" proveable
quantity of drugs which were alleged to have been involved in the instant
infraction and alike. Most of which was never Indictment featured and
was ultimately unusable anyway, as was the original Government sponsored
threat of invoking an unusable Career Criminal sentencing label for the
Petitioner which was used to frighten the Petitioner both into the pres-
ent Plea Agreement under discussion and eventual cooperation. This with
not entering special or otherwise promised additional reduction, to the
already "discretionary", without special prosecutor based motions and
alike for its realization in the first place, possibility and then avail-
ability of a lesser than mandatory minimum sentence. The Petitioner was
used.  [ Mandatory Minimum sentences became entirely discretionary following the fall
         of the U.S.S.G. system, and realistically the Judge could have sentenced as
         she pleased]
       The Petitioner successfully and rightly preserved his rights as
to very important objections in regards to drug quantities and his "role".
As per page three, a fictitious and unconstitutionally supported Level
33 was arrived at for the Petitioner, and the Petitioner was eventually
sentenced to the again, "artificial" and for most intents and purposes,
non-existant mandatory minimum. This, even with a maximum of actual
cooperation by the Petitioner with authorities. The Government made it
appear through inflated and able to be later turned over enhancements
and other augmentations that the Petitioner was getting a bargain at the
10 years to which he was sentenced. The actual sentence should have been
less than this, with or without prosecutorial sponsorship for same.

        The Petitioner, as per page three of course did not file an
appeal because he was wholly naive and plainly ignorant as to how the law
and sentencing actually work, His attorney never informed him and the
Government like-wise, of course, left him in the dark to their entire
one-sided benefit. Filed well within the period for § 2255 Action accept-
ance, his Petition indeed has merit. New evidence has arisen, and facts

even up to and including that the Petitioner now knows what rights he has, and had then but no one ever told him about; all of this has come to the forefront following his sentencing and the allotted time for appeal thereafter. It has only become apparent to him now, and hence his filing of the § 2255 Action... what was actually done to him by the authorities and why.

The Petitioner has indeed, contrary to the Government's claims, made a cognizable claim under Section 2255 provisions. As per page four of the Government's response in opposition; the Petitioner's sentence was imposed, rather "created" and then "reduced" in violation of the U.S. Constitution in that the Career Criminal threat originally used to induce Plea and sentence could not have been imposed in the first place. All, that has stemmed from this event is therefore tainted. The sentencing court as will be more than adequately expounded upon herein; DID NOT HAVE jurisdiction to impose any of the enhancement laden-original"threat"sentence elements. And, 4) the Petitioner's sentence is subject to collateral attack, as it involves a new edict from the U.S. Supreme Court which just because the Court did not specifically state that it was retroactive; in order to avoid a rush of actually like-wise defrauded and unconstitutionally presently incarcerated, agrieved inmates who would assert their valid claims in their respective courts, districts,etc. in a court choking manner, this does not mean that it is not retroactive. Indeed it is as it treats a fundamental constitutional question(s) concept for the convicted and imprisoned. This is plainly visible and proven in our discussion as enclosed herein. Just because the present judge wishes to "tow the party line" so to speak in her denial of same does not make it correct. Besides there is a-way to make it retroactive which the Petitioner will exercise if ultimately denied here even after re-examination.

-4-

Fundamental defects in the Petitioner's case did lead to a "fundamental miscarriage of justice" according to Fed. R. Crim.P. 52(b) and via U.S. v. Cotton, 535 US 625(2002) standards when it was originally asserted that the Petitioner was "so exposed" to a certain fictitious sentencing range when in fact he was not. Yet this method was used to coerce and convince the Petitioner to act and cooperate as he did. Each Base Offense level for a given crime serves now, post-Blakely, Booker,etc. as the "statutory maximum", without enhancements, which are impermissible. This is significant equally for the Petitioner's formerly announced range of sentencing as it also was for possible Career Offender status, which was not possible to apply anyway legally. This entire scenario, while not directly aligned with the Petitioner's actual, final sentence, did in effect establish the base line from which any downward departures should have been taken and given; especially for cooperation efforts.

And while misapplication(s) of the Sentencing Guidelines may not usually be subject to attack upon § 2255 review, jurisdictional defects as were present in the Petitioner's original pre-agreement and Plea adjudication, well they go well beyond the prosecutor and now the Court attempting to short-circuit a valid Booker, Blakely and other principled review of the Petitioner's sentence. The essence of which here is not the subject of enhancements and alike at this point but the "jump-off" point for the begining of sentence structure and departure, which should have given this and all these factors, LESS than the discretionary mandatory minimum. In addition, the Petitioner could not be expected to have asserted any of the herein related claims during pre-trial,trial or upon Direct Appeal movements, etc. due to the fact that the Petitioner and I would wager hundreds of thousands of other agrieved and defrauded yet improperly sentenced , they had no idea what their TRUE rights were until post Booker. Thier defense attorneys, the majority of which who were probably timid and court dominated, public defenders certainly did not

-5-

protect them properly. Moreover, the Court can waive any qualms as to this legal technicality given extraordinary circumstances. The situation of Blakely and later Booker,certainly qualify as such. See Gambino v. Morris, 134 F. 3d 156, 168-69 (3rd. Cir. 1998) And Also; Brenner v. U.S. Bhd. Of Carpenters and Joiners, 927 F 2d 1283(3rd Cir. 1991).

Page five details that in order to obtain § 2255 relief despite such procedural default, the movant must show cause for failure to assert the claim in earlier proceedings and that actual prejudice must result from the alleged error. Well. the prosecutor's office has obviously not read the Petitioner's original § 2255 submission because the Petitioner did exactly this. See Issue Two therein, for example.

In fact the term, "colorable showing of factual [actual] innocence" was used exactly in the Petitioner's originally submitted work. Argument was very effectively made to satisfy this and all points. Again, the Government wishes to plod on using that a misapplication of the U.S.S.G. etc. as per page five; that the situation was not cognizable as a fundamental misscarriage of justice. This is ludicrous in that I assume then that FRAUD, as was practiced in the presentation of possible sentence exposure as a form of extortion upon the Petitioner to get him not only to plea, then cooperate and then leave him at just the sentence that he might have gotten anyway had he been correctly sentenced in the very begining, that this is perfectly legal and morally correct and by its very Machiavellian nature, that it is not a misscarriage of justice for the Government to perform in this way ? It is called "bait and switch", price gouging and other technical forms of fraud in the consumer world. It is like a store purposefully raising the pre-sale price of an item, and then just for the purposes of faking a "sale", then fictitiously "discounting" this same inflated price. It is fraud.

As for the page six appearing, the claim as per § 2255 grounds of ineffective assistance of counsel is mentioned by the Government.

-6-

The Petitioner also did indeed; if one will read his § 2255 presentation, demonstrate that this happened to him as well. "Constitutional"ineffect- iveness of counsel took placewithout question or doubt. This via, as explained the In re Winship case as cited. It is something that well pre-dates any Booker and alike claim. Petitioner's counsel did not protect him as per constitutional violations inherent, in Winship, nor did he at the expectation of Booker then, protect him and assert then that his mandatory minimum should not prevail, given the presented sentencing structure(inflated and fictious) and the bargaining under false pretenses that went on. No one actually knew of the potential outcomes of Shepard, Cerna-Salguero, Greer, Washington, Leach, etc. in this era at sentencing, but their power and how far they have gone as cases should have been anticipated by all, as they deal with funda- mental constitutional questions. The 2255 Action is by no means a sub- stitute for Direct Appeal. Yet if upon Direct Appeal opportunity the Petitioner did not and could not know what his REAL options and rights were, is he then to be penalized for not being able to predict history ? To say yes would be ridiculous, especially with the Petitioner as a lay- man to the law. Both new evidence in the form of new cases and impli- cation therefrom and intervening changes in Supreme Court dictated law have taken place and are valid for the Petitioner now. New constitutionally based rules of criminal procedure are already in place as per Booker,etc.

In fact as per page seven, a "watershed rule" of criminal pro- cedure has been touched upon by the Petitioner in his effectively, and correct presentation of In re Winship violations and lack of protection by counsel, etc. as per his original § 2255 presentation. This case which well predates any now disputed"enhancement only" considerations

-7-

in reality, negates any denial upon retroactive or other related excuse based grounds by the Government or the Court itself in their attempts to assist the Government in maintaining, fictitiously that Blakely, Booker and alike are in fact retroactive. Still, the issue of jurisdiction remains which is timeless. This will be further discussed within this work.

Following the Government's misplaced logic in page eight, there are clearly a whole host of claims that could NOT have been made upon Direct Appeal, as there are even still more yet to come. Example, being should Cerna-Salguero be heard and decided by the U.S. Supreme Court and leave "priors" behind as sentencing fodder. The Government again PRETENDS that the Petitioner did not make a claim of "actual innocence". Well, if they cannot just read his original §2255 submision and find it, they must be blind...or just ignoring the contents of all of the Petitioner's submissions' materials. There exist ample indicators that the record was not fully developed prior to sentencing as well. What about every new case which was already in court, yet not decided as they were when the Petitioner was sentenced, as per Booker, etc. ? The record could have never been "fully developed" at sentencing for the Petitioner. The whole realm of the cases which came out in the year 2005 exists, for example. Therefore, no procedural bar could exist or be enforced for same. Sure the Petitioner showed sufficient cause and prejudice, just bother to read his original § 2255 submission.

In re Winship arguments and jurisdictional claims always apply retroactively to collateral claims under § 2255 itself, so whay the current controversy in which the Government purposefully tries to show the Petitioner's §2255 materials as plain and sole Blakely matters. This is just not so. The realm of the case in its truest form

touches more upon the manipulative methodology by which the Government achieved a fake sale of the Petitioner's so-called reduced sentence for both a Plea and for cooperation. It is just like the store which would eventually be cited for consumer; fraud when they raise the prices to purposefully lower them to make it look like as sale, which it is not. The Petitioner's "negotiated sentence" is the same. The Petitioner has just constitutionally and otherwise begun to realize what was done to him. He actually would have gotten, legally only the ten years that he got even if he did not cooperate. This amounts to none less than a scam by the Government. We must call it like it is.

Rest assured that the Petitioner will continue to appeal and seek justice for the wrong that was done to him, as the Government by their current wild skimming over and discounting of that which the Petitioner has offered in his appeals argument, they seem to just think that they can "forget" when convenient, what the entire situation was and is all about. The Government's hiding of the true constitutional rights of the Petitioner amounts to no less than crim-inal. like behavior on their own. Something filled with hipocrasy and deception. Why some actual criminals are truly more honorable in the fact that at least they will tell you when they are robbing you.

Her Honor, Rya Zobel states in her dismissal Order Memorandum that the herein Petitioner never focuses on his sentence as given. This shows that Her Honor has somehow missed the pojnt here. The Petitioner's focus is first placed upon his first fictitious sentencing offer by the Government as an illustration of the bad faith with which the pro-secutor's office cheated and deceived the Petitioner into submission. It is then placed upon what his actual sentence should be in all real-

-9-

ity as per the now accepted, and corrected, modern way of calculating
same as based upon pure actual evidence and circumstances as per jury
standards. A reality which shows that the Petitioner got no real sen-
tence bargain at all even given what he did in service of the Govern-
ment. And lastly, it shows as per his §2255 Petition and its argument
just what this "reduced" sentence should approximately be. It is quite
quite easy to understand. Any denial of the Petitioner's arguments
thereto would be considered hasty at best. Unwise indeed.

The fact of the matter also boils down to the fact that the
Court, at any time really, and especially with its Supreme Court
dictated authority to review the prosecutor's refusal to or inaction
to file further substantial assistance, below mandatory minimum sentence
sentencing ranges at the onset of this case; that the Court can grant
additional downward departures for the Petitioner and his situation
even without the Government's request or participation. This is partic-
ularly so when the motive for the Government not having done so was
the product of unconstitutional motivation or representations. This is
exactly what happened here and the reason why the Petitioner took the
effort to expound upon all the relevant factors that took him where
he was taken during the entire experience. Bad faith; as in the case
of the Government's actions here as explained and realized, was not at
all compatible with the principles of the U.S. Constitution the last
time that the Petitioner checked. The Petitioner my be a foreigner;
but dumb he is not. ( See Wade, 504 U.S. at 112 S.Ct. @ 1834-44)

The Petitioner therefore hopes and prays that his request
for a re-examination of the previously denied § 2255 entry will be
granted as per his discussion as the basis herein, and in conjunction
with his previously submitted materials thereto.

-10-

**CONFIRMATION OF THE PETITIONER'S THEORY REQUIRING RE-EXAMINATION**

The Petitioner's promoted theory here and the very basis for his § 2255 Appeal instrument filing and now desperate Re-Consideration and Re-Examination Motion due the "bad faith" negotiating and sinister manipulations when it came to his actual, final sentence exposure is never quite so well illustrated in hind-sight now as when one truthfully examines the Petitioner's Sentencing Transcripts themselves. This is to say that the Government, only after artificially inflating the Petitioner's sentencing exposure ranges and numbers for the duping of the Court [See Tanscript/Sentencing Page 4; Lines 3-11] for a sentence and alike that they really could not impose anyway due to its being over-laden with removeable enhancements; and then also not even bothering to properly prepare and present via left undone 851 Information Career Offender intentions documents, fosters and then manipulates their non-presentation of what should have been an appropriate, below the 10 years mandatory time 3553 Motion in order to channel the Court into falsely being able to only impose the sentence minimum which is what the Petitioner would have received without any cooperation being given at all. This amounts to having been given NO CREDIT for extraordinary and highly useful informant data as was turned over by the Petitioner in good faith. This amounts to no deal and to a trick via numbers and enhancement manipulations of the Judge who presided. With the calibre of the data which the Petitioner turned over, this is an insult and a sham against justice and it makes the Judge look foolish.

Why even the presiding Judge commented that the U.S.S.G. numbers were inflated, and that she would have gone below the 10 year minimum if the Government would have not manipulated things in their artificial favor as they did. [See Sentencing Transcripts; Page 13; Lines 20-22] It just goes to show what a sham the Petitioner's sentenexperience had been. He received no true Downward Departure at. Never.

## SUMMARY

The herein Petitioner's story is an all too familiar one in relation to the sentencing procedures and structure as used by the Federal Government to raise for the raising sake; so to speak, the sentence terms of wholly unsuspecting and in this case, a non-English speaking foreign national by the use of undue overlapping and superfil-ous compounding factors such as enhancements for things already adjudicated via plea in other repetitive forms and or the false importance application of past criminal convictions to equally augment, beyond the core or Base Level Offense of the crime in question which has been committed by and pled to or trial dervied as to the Petitioner; the potential prison time which the person in question realistically faces.

As can be gleaned from the recently submitted § 2255 Action as authored by the Petitioner _Franz Guzman as entered_, this was exactly the case with his therein detailed experience in the judicial system. While the Petitioner in fact;due to the degree of guilt which was represented by his agreement to or the pronouncement of same in relation to his case, has accepted the fact of his imprisonment, he is only seeking to make this time fair, just and truly representative of that which the operative guilt in the entire scenario dictates. Nothing more What has been the norm for sentencing methodology thus far in the federal system via the use of the Guidelines in an intractible way is quite the contrary. Hence his desire to logically appeal his sentence. The violation of the U.S. Constitutional 5th, 6th, and 7th Amendments as a whole by the Guidelines' applications in stringent form deprived the Petitioner of those guarantees which he thought he had, but considering that the use of enhancements is done post-plea or verdict...secretly had _not_...been included in his original processing and informing as to the nature of that which the courts were about to do to him. This is and was a form of fraud as practiced by the Federal Government for years It is exactly what the Government attempted to do when they contrived a first inflated, improper enhancement-laden, unenforceable, _fake_ sentence for the Petitioner which was later used to coerce him into submission Plea Agreement, and eventual cooperation in the instant case. It was plea by trickery.

The herein Petitioner should indeed be allowed to proceed under § 2255 provisions in that the previous impediment(s) thereto for him as created by and fostered by the U.S. Government's action(s) directly in violation of the U.S. Constitution and its norms and provisions for the accused and for appeals[collateral and otherwise] ; i.e. the United States Sentencing Guidelines, were removed from oblig- atory application(s) regarding enhancement and priors dependant senten( term(s) determination(s) and calculation(s) through the advent of the Blakely, Booker, Fanfan and Shepard, and other test cases. Thier effects in altering and eliminating those obstacles for all possible appeals of the enhancement and priors related aspects of the sentencing process as physical and legal landmark events took place late in the year 2004 and upon subsequent, confirming content and case monumental dates in January and February-March of the year 2005. Hence, given the date of the submission of the Petitioner's present, related § 2255 appeals arguments and materials at Bar; his application is of a timely nature.

The arguments as submitted by the Petitioner in his recent submission under § 2255 also speak for themselves, as the vast bulk of same is not time barred in content and intent.

The Petitioner's conceptual right to assert his arguments for the removal of enhancements and priors as simultaneously recognized by the U.S. Supreme Court within this same time frame, although not specifically designated as such in a published or overt sense is, by its very nature, inference and fundamental operational significance as to be expounded upon herein, is indeed understood to be "retroactive' This is not only for cases on direct or collateral review; but valid in reference to all cases and for all defendants and subsequently, convicted and sentenced individuals who were indeed adjudicated using the now declared; previous U.S.S. Guidelines, unconstitutional adher- ences to artificially augment, on a prejudicial and most often, also non-factual and judge only, invented basis, imprisonment lengths of sentence service.

To wit, this also affirms the timelessness of the Petitioner's application and contents as well as the appropriateness of his issues as held within his original petition currently at Bar.

-12-

The date on which the aforementioned actual, and the extra-
polated upon, interdependant facts which support the Petitioner's
claims as per his just submitted application and Motion under 28 U.S.C
§ 2255 (See Original) occured only then, at the time of the afore-
mentioned U.S. Supreme Court editcs surrounding the enhancement and
priors related decisions and disputes, and the related case law revis-
ions which are still in plain development and evolution themselves.
Only then could the exercise of due dilligence lead to the discovery
of the pertinance of it all as it relates to the present unconstitu-
tionally enhanced § 2255 Petitioner. Hence, his present submission of
meritorious arguments and claims thereto. All of which in both the
preceeding and the to follow, make the Petitioner eligible for success-
ful § 2255 consideration and ruling. This being well-within the pres-
cribed time frame of one year from said effecting decisions and the
appeals procedural concerns which are active thereto.

Limited case law has been cited within the parameters of the
herein discussion, not in violation of suggested policy in the Pet-
itioner's response; but rather due to the fact that new changes in the
law, as per the also fact of evolving case law, and the fact that
the modification(s) of the U.S. Sentencing Guidelines which also sprang
from the law and rules for sentencing...now dictates a detailed,con-
vincing and adequately inclusive explanation of all of the facts and
illustrations surrounding the vital question of improper enhancement
based sentencing abuses which have grossly and gravely effected tens of
thousands of federal inmates, and not just those on Direct Appeal.
These changes in the law and thier interpretation and use having taken
place since the Petitioner's sentence was improperly rendered.

One of the major issues here concerns the actual "jurisdiction"
of the court and judge which originally sentenced the present § 2255
Petitioner. In fact, they did not have jurisdiction to sentence him.

Jurisdiction can be raised at any time, and addressed by federal courts
at any time on their own motion. See McGrath v. Krislensen,340 U.S. 162 (1950).
Jurisdiction cannot be waived and cannot be conferred upon a federal district
court by consent, inaction or stipulation. See California v. La Rue,   409 U.S. 109,
112; 93 S. Ct. 390, 34 L. Ed. 2d 342(1972).

Also, the U.S. Court Of Appeals for the Fifth Circuit previously held that
an Apprendi error involving the failure to charge drug quantity in the Indictment
and submit it to the jury (or to its standards) for proof beyond a reasonable doubt

-13-

is a jurisdictional error or defect. See U.S. v. Gonzales, 259 F.3d 355, 360 (5th ( 2001). See Also U.S. v. Baptiste, 264 F.3d 578, 393 (5th Cir. 2001).

In both Gonzales and Baptiste cases the government failed to charge drug quantity in the Indictment or submit it to the jury for proof standards application(s). The court held that such a failure is indeed jurisdictional in nature and therefore evidence adduced at trial supporting(or at adjudication passes in Plea Bargains/Ageements) the durg quantity, or even stipulations as to drug quantity made by the defendant. ARE NOT RELEVANT to the analysis of a claim of such failure. In other words, the court in the case of a trial, cannot look to what drug amount, leadership role, monetary amount, etc., or to anything which amounts to an enhancement from the"Base Offense Level'. Anything as was claimed by the involvement of the government and witnesses in reviewing a claim under Blakely/Apprendi. Nor can a court in a GUILTY PLEA , USE the defendant's admission to a drug quantity, or other such enhancement factor (as the Petitioner's herein...points), or to anything not alleged in the Indictment, YET used for enhancement beyond the Base Offense Leve

The orginal sentencing Court lacked jurisdiction; a never time barred issue and concept for remedy and redress,for sentencing in the Petitioner's herein original adjudication due to the fact that the judge and then fact-finder did not apply the same, as now required (beyond a reasonable doubt, as opposed to by simple preponderance of the evidence standards) jury-like standards to his the case-related decisions as to the applications and use(s) of "enhancements" and "priors" for use in the calculation of the final sentence as given to the Petitioner, and as Ordered. i.e. This would have required the presiding and sentencing judge to exercise "beyond a reasonable doubt" jury standards proof in order to properly qualify for the use of these same "facts" as being essential to a or for in better said, the Petitioner's given sentence term. The judge did NOT do this. Therefore the court and via the construed actions of the sentencing judge, the court lacked jurisdiction to sentence the Petitioner as it did.Especially as to the first exaggerated,false "bargaining" show sentence,etc.

    A defendant(and the Petitioner to be understood in this case) cannot consent to a change in the burden of proof standard (i.e. beyond a reasonable doubt standard, etc.) as now implied by Blakely, Booker, Fanfan, In re Winship, Bousley, Glover, Baily and Shepard. Not by Plea Agreement or by Waiver; especially if he, the then defendant and in this case, now Petitioner does not know, never knew or was never informed of his constitutional rights to same protections [as established on the record that he was informed of same] as is the case with Blakely and the principles which arose from it, and the since additional test cases which affirm it. (See Attached Memorandum Of Law in the original Action above's submission, etc.) With additional case law and likewise supporting materials forthcoming.

-14-

## CONCLUSION

Those who now challenge Blakely, Fanfan and Booker or Shepard related issues on collateral review (may) receive no constitutionality on their conviction(s) and sentence(s) because; the law is not being retroactively applied to those in this phase of review and appeal(s). Even though the Petitioner's enhancements did not pass by the scrutiny of a jury (or alternatively in the case of pleas, etc.; the standard of jury review) and they were not heard or analyzed as such with regards to jury procedures and philosophy, nor were these enhancements properly featured in the Petitioner's Indictment; these very same enhancements still remain, unequivocably...unconstitutional in nature. It is that simple and direct, really.

To rightly and in the interest of justice offer the Petitioner an "equal playing field" and to correct this above referred to very real violation(s), this Honorable Court should remand this matter back for a hearing; relief being granted thereto upon same. See Murray v. Carrier, supra. and Harper v. Virginia Dept. Of Taxation, 50⁹ U.S. __ __ 125 L. Ed. 2d 74, 113 S.Ct. 2510 (1993), wherein this case held that when (1) the court decides a case and applies the "New" legal rule of that case to the parties before it, then (2) it and other courts must treat that same(New) legal rule as "retroactive"; applying it for example, to all pending cases, whether or not those cases involve predecision events, etc. See; Also Reynoldsville Casket Co. et al v. Hyde, 514 U.S. ____, 131 L.Ed. 2d. 820, 115 S.Ct. 1754, at page 826. The Petitioner's Due Process rights are violated if he

-15-

is denied retroactivity under Blakely, Booker, Fanfan and Shepard considerations and extrapolations. Other constitutional rights are then also gravely effected as well.

These rulings clearly state that a jury(or thier standards) must hear these enhancements; even if they are "priors" in nature, and as long as they ( via Greer, Shepard, Washington, etc.) augment, beyond the basic offense related and unenhanced sentence. They must be (the enhancements, etc. in all their applied or construed forms) featured in an Indictment, or stipulated to by a defendant[And with this, also actually intelligently, knowingly and willfully with full knowledge as to their eventual,final, complete sentencing ramificatior in open court, and that a defendant cannot be enhanced by a Federal Judge, through the use of "preponderance of the evidence" methodology. See Federal Constitution's Supremacy Clause, (Article VI, Cl. 2).

How can any defendant, post January 12th of the year 2005 be allowed the benefits of the U.S. Constitution and its laws, and then at the same time, any and all defendants BEFORE Januray 12, 2005 NOT be afforded these same basic guarantees ? This is incongruous at best. This means that by virtue of arbitrary and unconstitutional exclusion, that NO fair playing field exists for anyone adjudicated between 1987, the year of the Guidelines and Januray 12, 2005. This is indeed ludicrous and untrue.

In the case Schriro v. Summerlin, 542 U.S. _____ 159 L. Ed. 442, 124 S. Ct. 2519(2004) there is compelling support for Booker's retroactivity. Although the U.S. Supreme Court in Summerlin rejected the concept of retroactivity of its procedural rule (New) announced in Ring v. Arizona, supra.[holding that a judge must make the findings necessary to impose the death-penalty], it did so because the possibil-

-16-

ity of inaccuracy was minimal in that both fact-finders, they were required to use the very same, "beyond reasonable doubt" standards. Booker requires this standard; Also See In re Winship and Apprendi. In Ivan v. City Of New York, 407 U.S. 203, 205, 32 L. Ed. 2d 569, 661-62 91 S. Ct. 1951(1972) [per curiam]. The Supreme Court declared that in In re Winship, the case material and the principles of legal interpretation"must be given retroactive effect(s)." Ivan, was also a Direct Appeal case like as in Booker. However, the Supreme Court and their declaration left no doubt that its retroactivity declaration meant or signified, "retroactivity" to or in all cases, final or otherwise. Besides this fact, the issue of the original court's and judge's jurisdiction (which is in and of itself a timeless, non-time bar effected concept) to impose and conduct the original sentencing of the offender in the way in which they did, applying enhancements in all of their forms to the basic offense sentence against constitutional provisions, etc.; the breaking of Rule 11(e) of the Indictment process and violations of the Grand Jury Clause in using the Guidelines as they had been previously used...all of these factors and more point to the fact that the idea of retroactivity is present and that there is no "time bar" to any appeals action, collateral or otherwise when it comes to subsequent appeals actions filed citing grounds of enhancements being applied in all their forms, etc. The concept of retroactivity may indeed become moot upon closer, realistic examination. This, in how the Petitioner was "bad faith" negotiated to plea.

Booker has also arguably made its rules retroactive through its Guideline clarifying amendments. It is a well-established that all established Guideline clarifying amendments are retroactive.

See: e.g. United States v. Garcia-Cruz, 40 F. 3d 986, 990 (9th Cir. 1994) [Under the law of our Circuit, amendments to the Sentencing Guidelines which are,"'clarifying' as opposed to 'substantive' may be given retroactive effect."] See. Also U.S. v. Stinson, 30 F.3d. 121, 122 (11th Cir. 1994); [per curiam], and See:Collins v. Youngbloo 497 U.S. 37, 111 L. Ed. 2d. 30, 110 S.Ct. 2715 (1990).

If the Government wishes to argue to this Hon. Court(to raise then,issues) under Blakely, that there is no plain error, and said effected cases should not be remanded for re-sentencing in light of Booker, then the Government is patently wrong. And, hence any case denied under these erroneous assumptions and application, excluding "retroactivity", then should proceed to the U.S. Supreme Court so that they might become the next "Booker","Blakely"and alike.

It would be in the interest of both fairness and judicial economy to remand the herein cited action back to the court, for the Guidelines under Booker and the remaining cases as cited herein; with many more to come, we are certain, are NO LONGER BINDING, but rather instead they are advisory at best. If however, this Court is NOT inclined to remand this case for re-sentencing, then at the very minimum, the Supplemental Briefing material regarding Booker and alike and the concept of "plain error" should be permitted. The Courts have already held that error is "plain" and the prejudice presumed when the District Court applies the wrong Guideline range, even if the sentence imposed is within the correct range. See: U.S. v. Knight, 266 F. 3d 203 (3rd Cir. 2001). Booker in effect, changes the sentencing range from the Guideline range to the stat-utory range by making the Guidelines advisory and requiring the ⌊ Which further emphasizes as to how the Petitioner never actually received any Downward Departures in sentence, as he was always only exposed to that which he received⌋

-18-

consideration of the § 3553(a) factors. Prejudice, accordingly should
also be presumed in this case; since, as in: Knight, "absent a for-
tuitous comment by the very sentencing judge on the record, it is
very difficult to ascertain the real impact of an erroneous [senten-
cing] range." Id., at 207. As the Fourth Circuit explained in find-
ing plain error under Booker, and remanding for re-sentencing, "We
simply do not know how the District Court would have sentenced [def-
endants] had it been operating under the regime established by [the
case] Booker." U.S. v. Hughes, ___F. 3d ____, 2005 WL 147059 9 n.8
(4th Cir. Jan. 24, 2005). See Also U.S._v. David Lee Oliver, No. 03-
2126 (6th Cir. 2/2/05). Finding plain error under Booker and remandin
for re-sentencing: "[E]ven if we conclude that the evidence is'over-
whelming and uncontroverted',we cannot know the length of imprisonmen
that the District Court judge would have imposed pursuant to this
evidence following Booker."Therefore casting new light on the Petitioner.

WHEREFORE, subject to the Court's most gracious understanding
and full consideration of this matter now at Bar, the Petitioner
wishes to thank the Court in anticipation that his Motion will be
GRANTED, or remanded back for a hearing on said vital and now real-
istically significant, material as stated. Thereby via Re-Examination,
negating the Court's recent denial of same and crediting the Petitioner with a
a realistic Downward Departure term.

Most Respectfully Presented,

*J:3177 C: ZHHHA*

Franz Guzman aka Antonio Camacho
REG# 24826-038

Dated: C 7-19 ,2005

FCI Schuylkill
POB 759
Minersville, Pa. 17954

Submitted under penalty of perjury
under 28 U.S.C. § 1746

-19-

## Certificate Of Service

I, Franz Guzman, the Petitioner herein do hereby swear to
and affirm that I have sent a true and correct copy of my Motion
and Petition For Re-Examination Of My §2255 Action as recently denied
to the below noted addresses:

Clerk Of Courts
USDC For The Dist. Of Mass.
John J. Moakley Courthouse
One Courthouse Way
Boston, Mass. 02210

AUSA Neil J. Gallagher
US ATTYS OFFICE FOR THE
Dist. Of Mass.
J.J. Moakley Courthouse
Suite 9200
One Courthouse Way
Boston, Mass. 02210

Dated: ○7-19     ,2005

Respectfully Submitted,

Franz Guzman
Franz Guzman
aka Antonio Camacho
REG# 24826-038
FCI Schuylkill
POB 759
Minersville, Pa. 17954

-20-